**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:19-CR-442 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE PAMELA BARKER |
| -vs- | : | |
| | : | |
| LEMUEL J. FREEMAN, JR., | : | **DEFENDANT'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Now comes Lemuel J. Freeman, through counsel, and presents the following Sentencing Memorandum for this Court's consideration at the time of sentencing, presently scheduled for January 27, 2020. Mr. Freeman requests a sentence that meets the goals of 18 U.S.C. §3663(a)(1-7), and which is at the low-end of the sentencing range as reflected in the parties plea agreement. A brief memorandum follows which supports the requested sentencing range.

                                                                      Respectfully submitted,

                                                                      STEPHEN C. NEWMAN
                                                                      Federal Public Defender
                                                                       Ohio Bar:  0051928


                                                                     */s/CAROLYN M. KUCHARSKI*
                                                                       CAROLYN M. KUCHARSKI
                                                                       Assistant Federal Public Defender
                                                                       Ohio Bar: 0062119
                                                                       1660 West Second Street, #750
                                                                       Cleveland, OH 44113
                                                                       (216)522-4856   Fax:(216)522-4321
                                                                       E-mail: carolyn_kucharski@fd.org

**A.** **Introduction**

Defendant Lemuel Freeman presents the following information for this Court's consideration at sentencing. Mr. Freeman requests this Court to consider both his acceptance of responsibility for his conduct, and his remorse for the conduct involved therein. Based upon the plea agreement between the parties and the calculations contained in the Presentence Investigation Report, Lemuel Freeman states that his adjusted Offense Level is at Level 12, and his criminal history reflects a Category V finding, and his Sentencing Range would be 27 - 33 months under a properly calculated Guideline. In addition, Mr. Freeman requests a sentence which is at the lower end of the calculated range.

**B.** **Application of 18 U.S.C. § 3553(a)'s Sentencing Factors**

A sentencing court is to impose the *lowest* sentence achieving the four statutory purposes of sentencing:  justice; deterrence; incapacitation; and rehabilitation. 18 U.S.C. § 3553(a)(2); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).  Lemuel Freeman presents the following factors for the Court's consideration in determining his sentence.

**1.**  *History and Characteristics of Lemuel J. Freeman, Jr.*

Born in Akron, Ohio on July 8, 1983, Lemuel Freeman was the oldest son born to Lemuel Freeman, SR. and Jaquenetta Freeman (nee Walker): Lemuel has an older sister, E'Toiee, and a younger brother, Jo'Van. All of his surviving family members have remained in Akron, Ohio throughout their lives. Family life in the Freeman household was difficult and violent: Lemuel recounts many occasions where his father abused his mother physically, and Lemuel often felt unsafe in his home. While his parents divorced after Lemuel Freeman, Sr. went to prison for drug trafficking when Lemuel was eight years of age, the instability of his family life continued, as his

2

mother moved frequently to affordable housing. Unfortunately, that housing was in violent, dangerous neighborhoods in Akron, Ohio, and Lemuel Freeman experienced violence, drug abuse, and danger on a daily basis.

After his mother remarried, Lemuel Freeman's life did not get any easier, as his step-father was an abusive person, who beat Lemuel with belts, tree branches, extension cords, and his hands, all in the name of discipline. Lemuel would disappear at a friend's house to avoid the abuse as often as he could. The lessons learned from this upbringing of violence and negative role model experiences is likely a major factor in the behaviors and criminal history that have caused Lemuel Freeman to have a reputation for aggressive behaviors, as he was frequently in fights. In response to being bullied as a student, he fought to show his fellow students that he would not be vulnerable to physical attacks. Another important factor in the upbringing of Mr. Freeman is the fact that both his biological father and his younger brother, Jo'Van both suffer with bi--polar disorder and schizophrenia, suggesting a hereditary component to Lemuel Freeman's behaviors.

Lemuel Freeman left high school after being expelled for fighting: however, Mr. Freeman earned his general education development certificate while in the custody of the State of Ohio in 2004. Lemuel Freeman briefly attended the University of Akron where he sought to study psychology and help troubled children. However, in 2009 he was shot in the forearm while sitting in a car at a friend's house. After suffering this shooting, Lemuel Freeman terminated his studies at the University. Lemuel Freeman was also a shooting victim in 2010, while trying to diffuse an argument between two young teens.

Jaquenetta Walker, Lemuel Freeman's mother, has penned a letter to this Court, which is attached with this Memorandum. In her letter, she explains many of Lemuel's run-ins with the law,

including allegations of harm against family members, were misrepresentations against her son, some of which she was responsible for making. Mrs. Walker also explains Lemuel Freeman is not the person that his criminal history paints him to be: he is a kind and generous person who has tried to stay employed and who is very resilient. [Def. Exh. A, Letter in Support from J. Walker]. Lemuel Freeman states that he would like to continue his education and learn a trade such as carpentry, so that he can have a dependable, steady employment once he is released from prison.

### 2. *Nature of the Offense*

Lemuel Freeman, Jr. was charged with violation of 18 U.S.C. §922(g)(1) after his arrest while a passenger in a vehicle which was stopped in Akron, Ohio for a traffic violation. Mr. Freeman was in possession of a Glock, 9mm handgun and ammunition, located on his person after being frisked. Lemuel Freeman was cooperative throughout the search and claimed ownership of the firearm, explaining that his vehicle had been stolen earlier that evening and because he was going to retrieve the vehicle, he anticipated that the persons who took the vehicle would be armed.

### 3. *Need for Sentence Imposed to Reflect Seriousness of Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, Protect the Public from Further Crimes, and Provide Mr. Freeman with Needed Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Lemuel Freeman accepts responsibility for his actions, as evidenced by his admission to the conduct noted in the indictment and his statement of acceptance of responsibility. Mr. Freeman understands that the sentence imposed by this Court shall reflect the personal circumstances of the defendant while addressing the goals of sentencing as set forth in 18 U.S.C. §3663(a).

### 4. *The Kinds of Sentence and the Sentencing Range Established for the Offense Under the Advisory Sentencing Guidelines*

After pleading guilty, a Presentence Investigation Report was generated. See, Doc. #25,

SEALED Presentence Investigation Report, Final Disclosure of January 14, 2020, PageID ##108-131. The Presentence Report included the following calculations under U.S.S.G. §2K2.1:

| | |
|---|---|
| Base Offense Level- 2K2.1(a)(6)(A) | 14 |
| Adjusted Offense Level | 14 |
| Acceptance of Responsibility- 3E1.1 | -2 |
| Total Offense Level | 12 |

PSR, ¶¶15-23. The calculations in the Presentence Report corresponds with those contained in the plea agreement. The Presentence Report has calculated Mr. Freeman's criminal history as scoring 11 points, as all of his adult felony convictions received criminal history points that were factored into the total criminal history score. Mr. Freeman submits that there are no objections to the scoring: therefore, at Criminal History Category V, Offense Level 12, the sentencing range is 27 - 33 months.

**C.     Conclusion**

Lemuel J. Freeman, Jr. is still young enough to learn a different way of reacting to negative situations, and a sentence at the low end of the sentencing range will allow him to have time to make changes that will prepare him to face the challenges of maintaining employment and handling adverse situations.  A sentence near the low end also provides time for Mr. Freeman to address educational and vocational needs, while also addressing his aggressive behaviors with the available programming in the Bureau of Prisons. Mr. Freeman submits that a sentence at the low end is sufficient but not greater than necessary to satisfy the goals listed under 18 U.S.C. 3553(a)(1-7).

       Respectfully submitted,

       STEPHEN C. NEWMAN
       Federal Public Defender
       Ohio Bar: 0051928


       */s/CAROLYN M. KUCHARSKI*
       CAROLYN M. KUCHARSKI
       Assistant Federal Public Defender
       Ohio Bar: 0062119
       1660 West Second Street, #750
       Cleveland, OH 44113
       (216)522-4856 Fax:(216)522-4321
       E-mail: carolyn_kucharski@fd.org